## SUPREME COURT.

JOHN J. DETWILLER agt. THE MAYOR, &c., OF THE CITY OF
NEW YORK.

A valid contract may be made by city authorities for the purchase of
  *fire-works* of over $250 in amount, for celebration purposes, without
  advertising for bids therefor.
It is not a valid objection to the payment of such a claim against the city
  that there is no money in the treasury applicable thereto and appropri-
  ated therefor, because:
1st. The expenditure was not incurred by any head of a department or
  any officer of the city government; it was entirely independent of either,
  and did not, therefore, come within the provisions of section 28 of the
  charter of 1857;
2d. The objection of a want of appropriation is answered by the resolution
  of the common council, which appropriated for this purpose the sum of
  $30,000; and the plaintiff was not bound to inquire further than to see
  that the appropriation was duly made.

*First Department, New York General Term, June,* 1873.
*Before* INGRAHAM, *P. J.,* BRADY *and* FANCHER, *JJ.*

THIS action was brought to recover for fire-works furnished
to the defendants on the 4th July, 1869. There was no spe-
cific contract for the price to be paid, but a resolution was
passed by the common council and approved by the mayor
16th June, 1869, appointing a special committee to make
arrangements to celebrate the anniversary of American Inde-
pendence, and appropriating $30,000 to pay the expenses, to
be taken from the appropriation for city contingencies.
Under this resolution the committee authorized the firm of
Lilliendahl & Co. to furnish $22,000 worth of fire-works for
the purpose therein mentioned. The proof shows the
delivery of the fire-works and their value to be $22,000. The

defense was based upon the statutory prohibitions as to contracts and the expenditures of money without appropriations, which will be noticed more particularly hereafter. They were severally overruled upon the trial, and the jury rendered a verdict for the plaintiff. The defendants appealed.

SIMON STERNE, *for plaintiff.*
D. J. DEAN, *for defendants.*

INGRAHAM, *P. J.*—Under ordinary circumstances the proof on the part of the plaintiff was amply sufficient to establish a good cause of action in favor of the plaintiff, who was the assignee of Lilliendahl & Co. for whatever was shown to be the value of the articles furnished under the authority of the committee.

The defendants moved for a dismissal of the complaint on the following grounds :

1st. That the amount involved exceeded $250, and should, therefore, have been done by contract after reception of bids therefor.

2d. That there was no money in the treasury applicable to the plaintiff's claim.

These were overruled.

It was also objected that the resolution was not duly published, and that no sufficient appropriation had been made, as required by the charter of 1857 and by the statute of 1866.

As to the first objection, it seems to be sufficient to say that this contract was for articles of a peculiar character, depending entirely on the skill of the manufacturer, and for which a general advertisement for proposals could not well be made. The same principles which sanctioned the contract in the case of the Harlem Gas Company would be applicable here, and would warrant the making of this contract without receiving bids to do the work.

As to the second objection, that there was no money in the treasury applicable to the payment of this claim, in pursuance

of the act of 1866; in *Quinn* agt. *The Mayor*, *&c.*, this section was held to be only operative as to the year for which it was passed, and that it did not apply subsequently. This case was affirmed in general term and in the court of appeals.

The next objection is, that the resolution under which these articles were furnished to the city was not advertised, in pursuance of section 7 of the charter of 1857.

That section only applies to resolutions and reports of committees which recommend any specific improvement involving the appropriation of public moneys, or the taxing or assessing the citizens of the city. The present resolution is not within the terms used in this section. It does not recommend any specific improvement, nor does it tax or assess the citizens of the city.

That section was intended to apply to proceedings affecting the real estate of the city, such as improving the streets or squares and to similar improvements, which were to be paid for by an appropriation of public money or by assessment upon the property of individuals. It does not apply to an article purchased for the city under a resolution passed by the common council.

The remaining objection is that there was no proof that there was money in the treasury, applicable to the payment of this claim, which had been appropriated therefor.

The words of the twenty-eighth section of the charter of 1857 are: "No expense shall be incurred by any of the departments or officers thereof, whether the object of expenditure shall have been ordered by the common council or not, unless an appropriation shall have been previously made covering such expense."

It is clear that this expenditure was not incurred by any head of a department or any officer of the city. It was incurred by a committee of the two boards under a resolution of the common council. It was entirely independent of any department or of any officer of the city government. As such it does not come within the provisions of the sec-

Detwiller agt. Mayor, &c., of the City of New York

tion, nor was anything therein applicable to the claim now in controversy.

The objection that there was no appropriation for this expenditure is answered by the resolution itself, which appropriates the sum of $30,000 for the purposes contemplated in the resolution. It is true that it directs the same to be taken from that of county contingencies, but I do not think it was the duty of the plaintiff to inquire further than to see if the appropriation was duly made. He was not bound to go further and examine the books to ascertain how much of that appropriation remained unexpended. That reference to the source from which the money was to be obtained was merely directory, and as such did not affect the right of the plaintiff to be paid for the goods furnished.

There was no error on the trial for which the judgment should be reversed.

Judgment affirmed, with costs.

BRADY, J., concurred.